**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **CPUMATE INC. and GOLDEN SUN NEWS TECHNIQUES CO., LTD.** | **CIVIL ACTION NO.** |
| **Plaintiffs,** | |
| **v.** | |
| **XIGMATEK CO. LTD. and XIGMATEK AMERICA INC.** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs CpuMate Inc. and Golden Sun News Techniques Co., Ltd.  ("Plaintiffs") for its Complaint against Xigmatek Co. Ltd. and Xigmatek America Inc. (collectively "Xigmatek" or "Defendants"), demands a trial by jury and alleges as follows:

## PARTIES

1.      Plaintiffs CpuMate, Inc. is a Taiwanese company with a principal address of No. 13, Wu-Chiuan 5th Rd., Wu-Ku Industrial District, Taipei Hsien, 248, Taiwan, R.O.C. and Golden Sun News Techniques Co., Ltd. is a Taiwanese company with a principal address of No. 60 Wucyuan Rd., Wugu District, New Taipei City 248, Taiwan R.O.C.

2.      On information and belief, Defendant Xigmatek Co. Ltd. is a Taiwan corporation with its principal place of business at No. 131-21, Chung-Hsing N. St., San-Chung City, New Taipei City 241, Taiwan.  On information and belief Xigmatek Co. Ltd., is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Xigmatek Co. Ltd. resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This

proceeding arises, in part, out of business done in this state.  Xigmatek Co. Ltd. may be served with process in Taiwan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).  Xigmatek Co. Ltd. regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

3.      On information and belief, Defendant Xigmatek America Inc. is incorporated under the laws of New York with its principal place of business at 47 Mall Dr., Unit 3, Commack, New York, 11725.   On information and belief, Xigmatek America Inc. regularly conducts and transacts business in the United States, throughout the State of Texas, and within the Eastern District of Texas, either itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b).

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b).  On information and belief, Xigmatek has transacted business in this district, and has committed acts of patent infringement in this district, by making, using, selling, and /or offering for sale at least the Achilles S1284W and Achilles II SD1284.

6.      On information and belief, Xigmatek is subject to this Court's general and specific personal jurisdiction because: Xigmatek has minimum contacts within the State of Texas

and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, Xigmatek has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Xigmatek regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and causes of action arise directly from Xigmatek's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,950,445

7.    Plaintiffs are the owners of all rights, title and interest to United States Patent No. 7,950,445 ("the '445 Patent") entitled "Combined Assembly of Fixing Base and Heat Pipe."  The '445 Patent was issued on May 31, 2011 after a full and fair examination by the United States Patent and Trademark Office.  The application leading to the '445 Patent was filed on April 6, 2009.  Attached as Exhibit "A" is a copy of the '445 Patent.

8.    The '445 Patent is generally directed to a combined assembly of a fixing base and heat pipes.

9.    On information and belief, Xigmatek has been and now is infringing the '445 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell devices having a combined assembly of a fixing base and heat pipes according to the '445 Patent.  On information and belief, examples of Xigmatek products that infringe the '445 Patent include, its Xigmatek Achilles S1284W and AchillesII SD1284.  Xigmatek is thus liable for infringement of the '445 Patent pursuant to 35 U.S.C. § 271.

10.     As a result of Xigmatek's infringement of the '445 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Xigmatek's infringing activities are enjoined by this Court.

11.     Unless a permanent injunction is issued enjoining Xigmatek and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '445 Patent, Plaintiffs will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter:

A.     A judgment in favor of Plaintiffs that Xigmatek has infringed the '445 Patent.

B.     A permanent injunction enjoining Xigmatek and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '445 Patent;

C.     A judgment and order requiring Xigmatek to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Xigmatek infringement of the '445 Patent as provided under 35 U.S.C. § 284;

D.     An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees; and

F.     Any and all other relief to which Plaintiffs may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 26, 2013

Respectfully submitted,

CPUMATE INC. and GOLDEN SUN
NEWS TECHNIQUES CO., LTD.

/s/ Winston O. Huff
Winston O. Huff, Attorney in Charge
Texas State Bar No. 24068745
Deborah Jagai
Texas State Bar No. 24048571
W. O. Huff & Associates, PLLC
302 N. Market Street, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@huffip.com
djagai@huffip.com

ATTORNEYS FOR PLAINTIFFS
CPUMATE INC. and GOLDEN SUN
NEWS TECHNIQUES CO., LTD.

## CERTIFICATE OF FILING

I hereby certify that on April 26, 2013 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

/s/ Winston O. Huff
Winston O. Huff, Attorney in Charge